# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## Civil Division

**STEVEN P. BOVA**

**RICHIE BAKER**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**NICHOLAS BAKER**

**And**

**CORA FRYE**

**GARY BERGMAN**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**WILLIAM C. BERGMAN**
**AND THE ESTATE OF**                    **Civil Action No.:**
**MARY BERGMAN**

**JAMES E. BROWN**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**JACK BROWN, SR.**
**AND OF THE ESTATE OF**
**JEANIE BROWN**

  **And**

**JAN RAGEN**

  **And**

**EARN BROWN**

  **And**

**JO EVA PARKER**

1

**ALBERT R. BURTON**

**KATHERINE PARALEE CAIN**
**ON BEHALF OF HERSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**JIMMY R. CAIN**

     **And**

**DORIS C. MCDOWELL**
**ON BEHALF OF HERSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**HUGH J. CAIN, JR.**

     **And**

**JOHN HUGH CAIN**

     **And**

**CANDACE CAIN PALMER**

**SANDRA K. COLE**
**ON BEHALF OF HERSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**MARC L. COLE**
**AND OF THE ESTATE OF**
**ROBERT T. COLE**

     **And**

**JODI COLE**

**JOSEPH C. CORTNER**

**ANTHONY DARRINGTON**

**PAUL J. DWYER**

**WILLIAM DANIEL ELLIOT**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**WILLIAM D. ELLIOT, SR.**
**AND OF THE ESTATE OF**
**WILLIAM D. ELLIOT, JR.**
**AND OF THE ESTATE OF**
**MARGARET S. ELLIOT**
            **and**
**MATTHEW C. ELLIOT MILLER**
            **and**
**JONATHAN PAUL MILLER**
            **and**
**SUZANNE ELLIOT**
            **and**
**ANTHONY ELLIOT**
            **and**
**JOAN ELLIOT WARFEL**
            **and**
**MAUREEN E. HENRY**
            **and**
**MARY BETH SEIBERT**
            **and**
**MARGARET BEAVER**

**KATHLEAN FAULK**
**ON BEHALF OF HERSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**JAMES ELLIS FAULK**

        **And**

**SHAWN MICHAEL FAULK**

**CHARLES W. FRYE**

**KEVIN SCOTT HASECUSTER**

**DONNA HELD**

**GORDON HICKMAN**

    **And**

**ANTONIO HICKMAN**

**JAMES K. HINES**

**And**

**ELOISE HINES**

**MALCOLM HOWELL**

**SCOTT INNOCENZI**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**MARK INNOCENZI**

**And**

**PAUL INNOCENZI, JR.**

**GARY K.  JONES**

    **And**

**KELLY GORMAN**

    **And**

**DAMON JONES**

    **And**

**TINA JAMES**

**ANNA MARIE KIMM**
**ON BEHALF OF HERSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**EDWARD E. KIMM**

      **And**

**JUNE B. GRIGGS-KIMM**

**JOHN L. KINSLOW**
      and
**HJORDIS CAMPBELL**
      and
**PETER KINSLOW**
      and
**PAT MALFE**
      **And**
**FOIF JOHNSON**
      and
**LOGAN KINSLOW**

**JACK R. MACDONALD, III**
      and
**MARGARET MACDONALD**
      and
**JACK MACDONALD**
      and
**MARK A. KELLISON**
      and
**MALINDA R. MACDONALD**

**RENARD MANLEY**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**ESTATE OF ALICE MANLEY**
      **And**
**ESTATE OF OCIE SHELL**

      **And**

5

**MICHELL MANLEY**
          **and**

**ERNEST MCKNIGHT**
**ON BEHALF OF THE**
**ESTATE OF CYNTHIA MANLEY**
          **and**
**KENDRICK CARTER**
**ON BEHALF OF THE**
**ESTATE OF MABELLINE RAYMOND**

**ANTHONY LAURENCE MATTACCHIONE**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**JOSEPH JOHN MATTACCHIONE**
          **and**
**OF THE ESTATE OF**
**LAURENCE ANTHONY MATTACCHIONE**
          **and**
**JANET MARGARET ROUSSEAU CHILDRESS**
          **and**
**ANNE MARIE MATTACCHIONE-CHESSER**
          **and**
**NICHOLAS JOHN MATTACCHIONE**
          **and**
**VINCENT DAVID MATTACCHIONE**

**DOROTHY E. MCNEELY**
**ON BEHALF OF HIMSELF AND**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**TIMOTHY MCNEELY**
          **and**
**ESTATE OF DAVID S. MCNEELY, JR.**
          **and**
**VICKI C. MCNEELY BRAWLEY**
          **and**
**JOE GOODNIGHT, JR.**

**HARRY A. MINCER**
     **and**
**ELLEN CRON**
     **and**
**FAY CRON**

**HOWARD R. NASH**

**ALAN  OPRA**

**SHELIA LESLIE**
     **And**
**ADRIAN SAMUEL MACKOWSKI**

**WILLIAM RIFENBURY**

**PHILLIP RITTER**

**GREGORY ROSENBERG**

**CASSIE LAMIRE SANTOS**

**JOSEPH R. SCHNEIDER**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**CREIGHTON SCHNEIDER**
     **and**
**KAREN SCHNEIDER THEONNES**

**LISBETH SUSAN MULLEN**

**DANIEL D. TURNER**

**GARRY D. VASSAR**

**JOSEPH L. VINCENT-CASON**
     **And**
**EDNA VINCENT-CASON**

**CHELSEA HAVENS**
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF**
**GARY WIGGLESWORTH**

**MARK WOLCOTT**
  **and**
**MARY C. WOLCOTT**
  **and**
**JOSEPH E. WOLCOTT, SR.**
  **and**
**MATTHEW DAVID WOLCOTT**
  **and**
**BRIAN JAY WOLCOTT**
  **and**
**JOSEPH E. WOLCOTT, JR.**
  **and**
**BECKY J. WOLCOTT**
  **and**
**WENDY GOWAN**
  **and**
**STACY L. WOLCOTT,**

    **PLAINTIFFS,**


  **v.**


**THE ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**
   **and**
**THE IRANIAN MINISTRY**
**OF INFORMATION AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran,**
    **DEFENDANTS**


# <u>COMPLAINT</u>

  (1)  This action is brought by the Plaintiffs, Steven Bova, et al., by counsel,

in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as

personal representative of the estate more particularly described in the caption of this action for the benefit and on behalf of all those legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605A. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605A. Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2)       Section 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602, et seq.) extending the statute of limitations for the Plaintiffs and amending the choice of law in such cases. It provided in pertinent part in  section 1083(b) that an "action may be brought or maintained under this section if … a related action was commenced under section 1605(a)(7) … not later than the latter of …(2) 10 years after the date on which the cause of action arose." The "courts of the United States may maintain jurisdiction…" by virtue of Public Law 104-132, enacted on April 24, 1996, and Public Law 104-208, enacted on September 30, 1996. A related action arising as a result of the same terrorist attack as the instant case, to wit, Deborah D. Peterson v. Iran, United States District

Court For The District Of Columbia, Civil Action No. 01-2094, was timely filed on October 3, 2001.

(3)      The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at law and legatees of such persons, all of whom are qualified as claimants in accordance with 28 U.S.C. § 1605A(a)(i)(II)(ii), who suffered physical or emotional injuries or died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(4)      The Defendant, The Islamic Republic of Iran, is a foreign state which was as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(5)     The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah". In addition, a member of the Iranian Revolutionary Guards was utilized to drive the truck which crashed into the Marine Barracks at Beirut on October 23, 1983, and detonated inflicting personal injury and causing the death of 241 American Marines, Sailors and Soldiers.

(6)     Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically

---

[1] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**

depressed for an extended period of time prior to the date of the occurrence and was

further disadvantaged by a level of education far below that of other major groups within

Lebanon. The provision of extensive economic support by the Defendants to Hezbollah

was necessary for that organization to carry out a terrorist attack of the scope and

technological sophistication of the attack of October 23, 1983.

(7)      The mission statement of the 24th Amphibious Unit on October 23,

1983 was "to provide a presence in Beirut, that would in turn help establish the stability

necessary for the Lebanese government to regain control of their capital."[2] The Unit

operated under normal, peacetime rules of engagement. Their geographic position was in

a reinforced concrete building at the Beirut Airport. Although there was sporadic small

arms and mortar fire directed at the airport, the Unit only replied through counter-fire

when receiving such attacks. There was no mission designated by the United States

Government, the Lebanese Government or anyone else under which the Unit was a

participant in the ongoing civil war. The building being used by the Unit gave excellent

protection from small arms, mortar and artillery rounds which struck it from time to time

in the months preceding October 23, 1983.

(8)      Acting on instructions from the Defendants, The Islamic Republic of

Iran and the Iranian Ministry of Information and Security, the Iranian agents of the

Defendants in operational control of Hezbollah, with high level technical participation

which would not have been available to Hezbollah in the absence of Iranian control and

participation, carried out the construction of a gas enhanced explosive device with an

explosive force equal to 22,000 pounds of explosives. This was in turn mounted in a

large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9)     The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(10)     The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of

---

[2] **Statement of General Paul X. Kelly, Commandant, United States Marine Corps.**

Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

**COUNT I**
**CLAIMS OF STEVEN BOVA**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(11)     The Plaintiff, Steven Bova, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(12)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Steven Bova, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Steven Bova, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT II**
**CLAIMS OF STEVEN BOVA**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(13)      The Plaintiff, Steven Bova, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(14)      As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, Steven Bova, endured extreme mental anguish and pain and suffering, and

suffered emotional injury and loss.

WHEREFORE, Plaintiff, Steven Bova, demand that judgment be entered, jointly

and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**


**COUNT III**
**CLAIM OF STEVEN BOVA**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**


(15)      The Plaintiff, Steven Bova, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(16)      The actions of the agents of the Defendant, The Islamic Republic Of

Iran, in association with members of Hezbollah, as above set forth, were intentional and

15

malicious and in willful, wanton and reckless disregard of Steven Bova's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Steven Bova, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT IV**
**ESTATE OF NICHOLAS BAKER**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(17)      Plaintiff, Richie Baker, Personal Representative of the Estate of

Nicholas Baker, repeats and re-alleges each and every allegation set forth above with

equal effect as if alleged herein.

(18)      On October 23, 1983, when the explosive device described above was

detonated, Nicholas Baker, a member of the United States Marine Corps, and a resident

of and citizen of the United States, suffered fatal injuries. The death of Nicholas Baker

was caused by a willful and deliberate act of extra judicial killing. The Defendants,

through their agents, financed the attack, planned the attack and rendered material

support to the activities of Hezbollah that resulted in the death of Nicholas Baker.  Those

agents were at all times acting with the scope of their agency and acted on the direction

of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information

and Security.

(19)      The beneficiaries of Nicholas Baker who survived him, namely, Richie

Baker, his brother, and Cora Frye, his legal guardian as a direct and proximate

consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of

Nicholas Baker, and funeral and burial expenses.

WHEREFORE, Plaintiff, Richie Baker, demands judgment on behalf of herself

and the Estate of Nicholas Baker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT V
## ESTATE OF NICHOLAS BAKER
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(20)     Plaintiff, Richie Baker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(21)     Decedent, Nicholas Baker, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Richie Baker, demands judgment on behalf of the Estate of Nicholas Baker, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT VI
## SOLATIUM CLAIM PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(22)     Plaintiff, Richie Baker, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(23)     As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Richie

Baker and Cora Frye the immediate family of Decedent, Nicholas Baker, have suffered

extraordinary grief and mental anguish, in that the defendants, acting through their agents

and by their conduct intended through infliction of physical injury resulting in death upon

Nicholas Baker to cause severe emotional distress upon his immediate family, Plaintiffs,

Richie Baker and Cora Frye, beneficiaries of this action and the conduct above described

was so extreme and outrageous as to exceed all possible bounds of decency and must be

regarded as atrocious and utterly intolerable in a civilized community and the emotional

distress suffered by the Richie Baker and Cora Frye was so severe that no reasonable

person could be expected to endure it. Richie Baker and Cora Frye have each thereby

suffered damages in the amount of ten million dollars.

WHEREFORE, Richie Baker and Cora Frye demand judgment against the

Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and

Security, jointly and severally, for each in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), besides costs.**

### COUNT VII
### ESTATE OF NICHOLAS BAKER
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(24)     The Plaintiff, Richie Baker, Personal Representative of the Estate of

Nicholas Baker, repeats and re-alleges each and every allegation set forth above with like

effect as if alleged herein.

(25)     The actions of the Defendants, carried out by their agents as described

19

above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Richie Baker, Personal Representative of the Estate of Nicholas Baker, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

### COUNT VIII
### CLAIMS OF GARY BERGMAN
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR ASSAULT AND BATTERY

(26)     The Plaintiff, Gary Bergman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(27)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gary Bergman, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the

expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gary Bergman, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT IX**
**CLAIMS OF GARY BERGMAN,**
**THE ESTATE OF WILLIAM C. BERGMAN,**
**AND THE ESTATE OF MARY BERGMAN**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(28)     The Plaintiff, Gary Bergman, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(29)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Gary Bergman, and his immediate family, William C. Bergman, and Mary Bergman, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Gary Bergman, and his immediate family, William C. Bergman, and Mary Bergman, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT X**
**CLAIM OF GARY BERGMAN**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(30)     The Plaintiff, Gary Bergman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(31)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gary Bergman's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, and 28 United States Code, 28

U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of

terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for

punitive damages.

WHEREFORE, Plaintiff, Gary Bergman, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

**COUNT XI**
**CLAIMS OF JAMES E. BROWN**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(32)      The Plaintiff, James E. Brown, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(33)      On October 23, 1983 members of Hezbollah by use of an explosive

device as above described, willfully, violently and forcefully battered and did violence to

the body of the Plaintiff, James E. Brown, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continued to require

extensive medical treatment for the remainder of his life, have necessitated the

expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and

rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him.

The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and

Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James E. Brown, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00), and costs.**

**COUNT XII**
**CLAIMS OF JAMES E.BROWN,**
**THE ESTATE OF JACK BROWN, SR., THE ESTATE OF JEANIE BROWN, JAN**
**REAGAN, EARN BROWN, JO EVA BROWN**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(34)     The Plaintiff, James E. Brown, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(35)     As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, James E. Brown, and his immediate family, the Estate of Jack Brown, Sr., the

Estate of Jeanie Brown, Jan Reagan, Earn Brown, and Jo Eva Parker, endured extreme

mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, James E. Brown, and his immediate family, the Estate

of Jack Brown, Sr., the Estate of Jeanie Brown, Jan Reagan, Earn Brown, and Jo Eva

Parker, demand that judgment be entered, jointly and severally, against Defendants the

Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

### COUNT XIII
### CLAIM OF JAMES E. BROWN
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(36)      The Plaintiff, James E. Brown, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(37)      The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of James E. Brown's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of

terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, James E. Brown, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**


**COUNT XIV**
**CLAIMS OF ALBERT R. BURTON**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(38)	The Plaintiff, Albert R. Burton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(39)	On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Albert R. Burton, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Albert R. Burton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XV**
**CLAIM OF ALBERT R. BURTON**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(40)     The Plaintiff, Albert R. Burton, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(41)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Albert R. Burton endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Albert R. Burton demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XVI**
**CLAIM OF ALBERT R. BURTON**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(42)     The Plaintiff, Albert R. Burton, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(43)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Albert R. Burton's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Albert R. Burton, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XVII**
**ESTATE OF JIMMY R. CAIN**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(44)     Plaintiff, Katherine Paralee Cain, Personal Representative of the Estate of Jimmy R. Cain, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(45)     On October 23, 1983, when the explosive device described above was detonated, Jimmy R. Cain, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Jimmy R. Cain was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jimmy R. Cain.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(46)     The beneficiaries of Jimmy R. Cain who survived him, namely, Katherine Paralee Cain, Doris McDowell, the Estate of Hugh J. Cain, Jr., John Hugh Cain, and Candace Cain Palmer, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jimmy R. Cain, and funeral and burial expenses.

WHEREFORE, Plaintiff, Kaherine Paralee Cain, demands judgment on behalf of herself and the Estate of Jimmy R. Cain, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT XVIII
## ESTATE OF JIMMY R. CAIN
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(47)     Plaintiff, Katherine Paralee Cain, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(48)     Decedent, Jimmy R. Cain, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Katherine Paralee Cain, demands judgment on behalf of the Estate of Jimmy R. Cain, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT XIX
## SOLATIUM CLAIM ON BEHALF OF
## ESTATE OF JIMMY R. CAIN
## PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(49)     Plaintiff, Katherine Paralee Cain, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(50)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Katherine Paralee Cain and the immediate family of the Decedent Jimmy R. Cain, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Jimmy R. Cain to cause severe emotional distress upon his immediate family, Plaintiffs, Katherine Paralee Cain, Doris McDowell, the Estate of Hugh J. Cain, Jr., John Hugh Cain, and Candace Cain Palmer, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Katherine Paralee Cain, Doris McDowell, the Estate of Hugh J. Cain, Jr., John Hugh Cain, and Candace Cain Palmer was so severe that no reasonable person could be expected to endure it. Katherine Paralee Cain, Doris McDowell, the Estate of Hugh J. Cain, Jr., John Hugh Cain, and Candace Cain Palmer have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Katherine Paralee Cain, Doris McDowell, the Estate of Hugh J. Cain, Jr., John Hugh Cain, and Candace Cain Palmer demand judgment against the Defendants,

The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

## COUNT XX
## ESTATE OF JIMMY R. CAIN
## PUNITIVE DAMAGES
## PURSUANT TO 28 U.S.C. §1605A

(51)     The Plaintiff, Katheirne Paralee Cain, Personal Representative of the Estate of Jimmy R. Cain, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(52)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Katherine Paralee Cain, Personal Representative of the Estate of Jimmy R. Cain, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

## COUNT XXI

**ESTATE OF MARC L. COLE**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(53)      Plaintiff, Sandra K. Cole, Personal Representative of the Estate of

Marc L. Cole, repeats and re-alleges each and every allegation set forth above with equal

effect as if alleged herein.

(54)      On October 23, 1983, when the explosive device described above was

detonated, Marc L. Cole, a member of the United States Marine Corps, and a resident of

and citizen of the United States, suffered fatal injuries. The death of Marc L. Cole was

caused by a willful and deliberate act of extra judicial killing. The Defendants, through

their agents, financed the attack, planned the attack and rendered material support to the

activities of Hezbollah that resulted in the death of Marc L. Cole.  Those agents were at

all times acting with the scope of their agency and acted on the direction of the

Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and

Security.

(55)      The beneficiaries of Marc L. Cole who survived him, namely, Sandra

K. Cole, the Estate of Robert T. Cole, and Jodi Cole, as a direct and proximate

consequence of the actions of the Defendants hereinabove described, for which the

Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including

assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of

Marc L. Cole, and funeral and burial expenses.

WHEREFORE, Plaintiff, Sandra K. Cole, demands judgment on behalf of

herself and the Estate of Marc L. Cole, jointly and severally, against the Defendants, The

Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


## COUNT XXII
## ESTATE OF MARC L. COLE
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A


(56)      Plaintiff, Sandra K. Cole, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(57)      Decedent, Marc L. Cole, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Sandra K. Cole, demands judgment on behalf of the Estate of Marc L. Cole, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


## COUNT XXIII
## SOLATIUM CLAIM ON BEHALF OF
## ESTATE OF MARC L. COLE
## PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS


(58)      Plaintiff, Sandra K. Cole, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(59)      As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Sandra K. Cole and the immediate family of the Decedent Marc L. Cole, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Marc L. Cole to cause severe emotional distress upon his immediate family, Plaintiffs, Sandra K. Cole, the Estate of Robert T. Cole, and Jodi Cole, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by the Sandra K. Cole, the Estate of Robert T. Cole, and Jodi Cole was so severe that no reasonable person could be expected to endure it. Sandra K. Cole, the Estate of Robert T. Cole, and Jodi Cole have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Sandra K. Cole, the Estate of Robert T. Cole, and Jodi Cole demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

### COUNT XXIV
### ESTATE OF MARC L. COLE
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(60)     The Plaintiff, Sandra K. Cole, Personal Representative of the Estate of Marc L. Cole, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(61)     The actions of the Defendants, carried out by their agents as described

above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Sandra K. Cole, Personal Representative of the Estate of Marc L. Cole, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

<u>**COUNT XXV**</u>
<u>**CLAIMS OF JOSEPH C. CORTNER**</u>
<u>**PURSUANT TO 28 U.S.C. §1605A**</u>
<u>**AND IN ACCORDANCE WITH**</u>
<u>**THE FEDERAL COMMON LAW**</u>
<u>**FOR ASSAULT AND BATTERY**</u>

(62)      The Plaintiff, Joseph C. Cortner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(63)      On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Joseph C. Cortner, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the

36

expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph C. Cortner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT XXVI
### CLAIMS OF JOSEPH C. CORTNER
### PURSUANT TO 28 U.S.C. §1605A
### FOR DAMAGES FOR SOLATIUM
### AND IN ACCORDANCE WITH THE
### FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(64)     The Plaintiff, Joseph C. Cortner, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(65)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Joseph C. Cortner, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Joseph C. Cortner, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XXVII**
**CLAIM OF JOSEPH C. CORTNER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(66)     The Plaintiff, Joseph C. Cortner, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(67)     The actions of the agents of the Defendant, The Islamic Republic Of

Iran, in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Joseph C. Cortner's rights and

physical well being. All of these acts were facilitated by funding, training and support by

the Iranian Ministry of Information and Security. In accordance with the provisions of 28

U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the

actions of their agents and the Hezbollah members.  In providing such funding, direction

and training, the Iranian Ministry of Information and Security was acting within the

scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, and 28 United States Code, 28

U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of

38

terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph C. Cortner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT XXVIII
## CLAIMS OF ANTHONY DARRINGTON
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR ASSAULT AND BATTERY

(68)     The Plaintiff, Anthony Darrington, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(69)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Anthony Darrington, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Anthony Darrington, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XXIX**
**CLAIMS OF ANTHONY DARRINGTON**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(70)     The Plaintiff, Anthony Darrington, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(71)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Anthony Darrington, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Anthony Darrington, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XXX**
**CLAIM OF ANTHONY DARRINGTON**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(72)     The Plaintiff, Anthony Darrington, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(73)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Anthony Darrington's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Anthony Darrington, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT XXXI

**CLAIMS OF PAUL J. DWYER
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL COMMON LAW
FOR ASSAULT AND BATTERY**

(74)     The Plaintiff, Paul J. Dwyer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(75)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Paul J. Dwyer, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Paul J. Dwyer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XXXII
CLAIMS OF PAUL J. DWYER
PURSUANT TO 28 U.S.C. §1605A
FOR DAMAGES FOR SOLATIUM
AND IN ACCORDANCE WITH THE**

**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(76)     The Plaintiff, Paul J. Dwyer, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(77)     As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, Paul J. Dwyer, endured extreme mental anguish and pain and suffering, and

suffered emotional injury and loss.

WHEREFORE, Plaintiff, Paul J. Dwyer, demand that judgment be entered, jointly

and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**


**COUNT XXXIII**
**CLAIM OF PAUL J. DWYER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**


(78)     The Plaintiff, Paul J. Dwyer, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(79)     The actions of the agents of the Defendant, The Islamic Republic Of

Iran, in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Paul J. Dwyer's rights and

physical well being. All of these acts were facilitated by funding, training and support by

the Iranian Ministry of Information and Security. In accordance with the provisions of 28

U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Paul J. Dwyer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XXXIV**
**ESTATE OF WILLIAM D. ELLIOT, JR.**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(80)     Plaintiff, William Daniel Elliot, Personal Representative of the Estate of William D. Elliot, Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(81)     On October 23, 1983, when the explosive device described above was detonated, William D. Elliot, Jr., a member of the United States Navy, and a resident of and citizen of the United States, suffered fatal injuries. The death of William D. Elliot, Jr. was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William D. Elliot, Jr. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(82)     The beneficiaries of William D. Elliot, Jr. who survived him, namely, William Daniel Elliot, the Estate of William D. Elliot, Sr., the Estate of Margaret S. Elliot, Matthew C. Elliot Miller, Jonathan Paul Miller, Suzanne Elliot, Anthony Elliot, Joan Elliot Warfel, Maureen E. Henry, Mary Beth Seibert, and Margaret Beaver, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered

pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William D. Elliot, Jr., and funeral and burial expenses.

WHEREFORE, Plaintiff, William Daniel Elliot, demands judgment on behalf of himself and the Estate of William D. Elliot, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

**COUNT XXXV**
**ESTATE OF WILLIAM D. ELLIOT, JR.**
**SURVIVAL CLAIM**
**12 D.C.Code §12-101 AND 28 U.S.C. §1605A**

(83)     Plaintiff, William Daniel Elliot, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(84)     Decedent, William D. Elliot, Jr., from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, William Daniel Elliot, demands judgment on behalf of the Estate of William D. Elliot, Jr., jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

## COUNT XXXVI
## SOLATIUM CLAIM ON BEHALF OF
## ESTATE OF WILLIAM D. ELLIOT, JR.,
## PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(85)      Plaintiff, William Daniel Elliot, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(86)      As a direct consequence of the actions of the Defendants, The Islamic

Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, William

Daniel Elliot and the immediate family of the Decedent William D. Elliot, Jr., have

suffered extraordinary grief and mental anguish, in that the defendants, acting through

their agents and by their conduct intended through infliction of physical injury resulting

in death upon William D. Elliot, Jr., to cause severe emotional distress upon his

immediate family, Plaintiffs, William Daniel Elliot, the Estate of William D. Elliot, Sr.,

the Estate of Margaret S. Elliot, Matthew C. Elliot Miller, Jonathan Paul Miller, Suzanne

Elliot, Anthony Elliot, Joan Elliot Warfel, Maureen E. Henry, Mary Beth Seibert, and

Margaret Beaver, beneficiaries of this action and the conduct above described was so

extreme and outrageous as to exceed all possible bounds of decency and must be

regarded as atrocious and utterly intolerable in a civilized community and the emotional

distress suffered by William Daniel Elliot, the Estate of William D. Elliot, Sr., the Estate

of Margaret S. Elliot, Matthew C. Elliot Miller, Jonathan Paul Miller, Suzanne Elliot,

Anthony Elliot, Joan Elliot Warfel, Maureen E. Henry, Mary Beth Seibert, and Margaret

Beaver, was so severe that no reasonable person could be expected to endure it. William

Daniel Elliot, the Estate of William D. Elliot, Sr., the Estate of Margaret S. Elliot, Matthew C. Elliot Miller, Jonathan Paul Miller, Suzanne Elliot, Anthony Elliot, Joan Elliot Warfel, Maureen E. Henry, Mary Beth Seibert, and Margaret Beaver, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, William Daniel Elliot, the Estate of William D. Elliot, Sr., the Estate of Margaret S. Elliot, Matthew C. Elliot Miller, Jonathan Paul Miller, Suzanne Elliot, Anthony Elliot, Joan Elliot Warfel, Maureen E. Henry, Mary Beth Seibert, and Margaret Beaver, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

### COUNT XXXVII
### ESTATE OF WILLIAM D. ELLIOT, JR.,
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(87)     The Plaintiff, William Daniel Elliot, Personal Representative of the Estate of William D. Elliot, Jr.,, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(88)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each

decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, William Daniel Elliot, Personal Representative of the Estate of William D. Elliot, Jr., prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

**COUNT XXXVIII**
**ESTATE OF JAMES ELLIS FAULK**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(89)     Plaintiff, Kathlean Faulk, Personal Representative of the Estate of James Ellis Faulk, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(90)     On October 23, 1983, when the explosive device described above was detonated, James Ellis Faulk, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of James Ellis Faulk was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Ellis Faulk.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(91)     The beneficiaries of James Ellis Faulk who survived him, namely, Kathlean Faulk and Shawn Michael Faulk, as a direct and proximate consequence of the

actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Ellis Faulk, and funeral and burial expenses.

WHEREFORE, Plaintiff, Kathlean Faulk, demands judgment on behalf of himself and the Estate of James Ellis Faulk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT XXXIX
### ESTATE OF JAMES ELLIS FAULK
### SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(92)    Plaintiff, Kathlean Faulk, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(93)    Decedent, Kathlean Faulk, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Kathlean Faulk, demands judgment on behalf of the Estate of James Ellis Faulk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT XL

**SOLATIUM CLAIM ON BEHALF OF
ESTATE OF JAMES ELLIS FAULK
PURSUANT TO
28 U.S.C. §1605A AND IN ACCORDANCE WITH
THE FEDERAL COMMON LAW
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(94)　　　Plaintiff, Kathlean Faulk, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(95)　　　As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Kathlean Faulk and the immediate family of the Decedent James Ellis Faulk, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon James Ellis Faulk, to cause severe emotional distress upon his immediate family, Plaintiffs, Kathlean Faulk and Shawn Michael Faulk, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Kathlean Faulk and James Ellis Faulk, was so severe that no reasonable person could be expected to endure it. Kathlean Faulk and James Ellis Faulk have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Kathlean Faulk and James Ellis Faulk demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

**COUNT XLI**
**ESTATE OF JAMES ELLIS FAULK**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(96)     The Plaintiff, Kathlean Faulk, Personal Representative of the Estate of James Ellis Faulk repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(97)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Kathlean Faulk, Personal Representative of the Estate of James Ellis Faulk, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED**

52

**AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

**COUNT XLII**
**SOLATIUM CLAIM ON BEHALF OF**
**CHARLES W. FRYE**
**PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(98)     Plaintiff, Charles W. Frye, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(99)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Charles W. Frye has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in injury upon his father Charles M. Frye, to cause severe emotional distress upon his immediate family, Plaintiff, Charles W. Frye, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Charles W. Frye, was so severe that no reasonable person could be expected to endure it. Charles W. Frye has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Charles W. Frye demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

**COUNT XLIII**

## CLAIMS OF KEVIN SCOTT HASECUSTER
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR ASSAULT AND BATTERY

(100)     The Plaintiff, Kevin Scott Hasecuster, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(101)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Kevin Scott Hasecuster, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Kevin Scott Hasecuster, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XLIV**
**CLAIMS OF KEVIN SCOTT HASECUSTER**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(102)    The Plaintiff, Kevin Scott Hasecuster, repeats and re-allege each and

every allegation set forth above with like effect as if alleged herein.

(103)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, Kevin Scott Hasecuster, endured extreme mental anguish and pain and

suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Kevin Scott Hasecuster, demand that judgment be

entered, jointly and severally, against Defendants the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XLV**
**CLAIM OF KEVIN SCOTT HASECUSTER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(104)    The Plaintiff, Kevin Scott Hasecuster, repeats and re-alleges each and

every allegation set forth above with like effect as if alleged herein.

(105)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Kevin Scott Hasecuster's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Kevin Scott Hasecuster, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XLVI**
**SOLATIUM CLAIM ON BEHALF OF**
**DONNA HELD**
**PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(106)     Plaintiff, Donna Held, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(107)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Donna Held has suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in injury upon her husband Douglas E. Held, to cause severe emotional distress upon his immediate family, Plaintiff, Donna Held, beneficiary of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Donna Held, was so severe that no reasonable person could be expected to endure it. Donna Held has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Donna Held demands judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00),                          besides                          costs.**

**COUNT XLVII**
**CLAIMS OF GORDON HICKMAN**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(108)     The Plaintiff, Gordon Hickman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(109)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Gordon Hickman, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gordon Hickman, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XLVIII**
**CLAIMS OF GORDON HICKMAN AND ANTONIO HICKMAN**

**PURSUANT TO 28 U.S.C. §1605A
FOR DAMAGES FOR SOLATIUM
AND IN ACCORDANCE WITH THE
FEDERAL AND STATE COMMON LAW FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(110)     The Plaintiff, Gordon Hickman, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(111)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiffs, Gordon Hickman and Antonio Hickman, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Gordon Hickman, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XLIX
CLAIM OF GORDON HICKMAN
PURSUANT TO 28 U.S.C. §1605A
PUNITIVE DAMAGES**

(112)     The Plaintiff, Gordon Hickman, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(113)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gordon Hickman's rights and

physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Gordon Hickman, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT L
CLAIMS OF JAMES K. HINES
PURSUANT TO 28 U.S.C. §1605A
AND IN ACCORDANCE WITH
THE FEDERAL COMMON LAW
FOR ASSAULT AND BATTERY**

(114)     The Plaintiff, James K. Hines, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(115)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, James K. Hines, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, James K. Hines, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT LI
## CLAIMS OF JAMES K. HINES AND ELOISE HINES
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(116)    The Plaintiff, James K. Hines, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(117)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiffs, James K. Hines and Eloise Hines, endured extreme mental anguish and pain

and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Eloise Hines, demand that judgment be entered, jointly

and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**

## COUNT LII
## CLAIM OF JAMES K. HINES
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(118)    The Plaintiff, James K. Hines, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(119)    The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Gordon Hickman's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, James K. Hines, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT LIII**
**CLAIMS OF MALCOLM HOWELL**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(120)     The Plaintiff, Malcolm Howell, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(121)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Malcolm Howell, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Malcolm Howell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

64

**COUNT LIV**
**CLAIMS OF MALCOLM HOWELL**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(122)    The Plaintiff, Malcolm Howell, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(123)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, Malcolm Howell, endured extreme mental anguish and pain and suffering, and

suffered emotional injury and loss.

WHEREFORE, Plaintiff, Malcolm Howell, demand that judgment be entered,

jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **TWENTY MILLION**

**DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT LV**
**CLAIM OF MALCOLM HOWELL**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(124)    The Plaintiff, Malcolm Howell, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(125)    The actions of the agents of the Defendant, The Islamic Republic Of

Iran, in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Malcolm Howell's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Malcolm Howell, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

### COUNT LVI
### ESTATE OF MARK INNOCENZI
### CLAIM FOR WRONGFUL DEATH
### IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A
### AS AMENDED AND 16 D.C.Code §16-2701

(126)     Plaintiff, Scott Innocenzi, Personal Representative of the Estate of Mark Innocenzi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(127)     On October 23, 1983, when the explosive device described above was detonated, Mark Innocenzi, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Mark Innocenzi was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Mark Innocenzi.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(128)     The beneficiaries of Mark Innocenzi who survived him, namely, Scott Innocenzi and Paul Innocenzi, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Mark Innocenzi, and funeral and burial expenses.

WHEREFORE, Plaintiff, Scott Innocenzi, demands judgment on behalf of himself and the Estate of Mark Innocenzi, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

**COUNT LVII**
**ESTATE OF MARK INNOCENZI**
**SURVIVAL CLAIM**
**12 D.C.Code §12-101 AND 28 U.S.C. §1605A**

(129)    Plaintiff, Scott Innocenzi, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(130)    Decedent, Scott Innocenzi, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Scott Innocenzi, demands judgment on behalf of the Estate of James Ellis Faulk, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

**COUNT LVIII**
**SOLATIUM CLAIM ON BEHALF OF**
**ESTATE OF MARK INNOCENZI**
**PURSUANT TO**
**28 U.S.C. §1605A AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(131)    Plaintiff, Scott Innocenzi, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(132)    As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Scott Innocenzi and the immediate family of the Decedent Mark Innocenzi, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents

and by their conduct intended through infliction of physical injury resulting in death upon Mark Innocenzi, to cause severe emotional distress upon his immediate family, Plaintiffs, Scott Innocenzi and Paul Innocenzi, Jr., beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Scott Innocenzi and Paul Innocenzi, Jr.,  was so severe that no reasonable person could be expected to endure it. Scott Innocenzi and Paul Innocenzi, Jr., have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Scott Innocenzi and Paul Innocenzi, Jr., demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

**COUNT LIX**
**ESTATE OF MARK INNOCENZI**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(133)     The Plaintiff, Scott Innocenzi, Personal Representative of the Estate of Mark Innocenzi repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(134)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured

Plaintiffs were not engaged in war or in police duties. The actions of those who carried

out the attack described were within the scope of their agency on behalf of the

Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each

decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Scott Innocenzi, Personal Representative of the

Estate of Mark Innocenzi, prays that judgment be entered, jointly and severally, against

The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on

behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED**

**AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

**COUNT LX**
**CLAIMS OF GARY K. JONES**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(135)     The Plaintiff, Gary K. Jones, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(136)     On October 23, 1983 members of Hezbollah by use of an explosive

device as above described, willfully, violently and forcefully battered and did violence to

the body of the Plaintiff, Gary K. Jones, inflicting severe and permanent injuries upon

him resulting in great pain and suffering, which injuries required and continued to require

extensive medical treatment for the remainder of his life, have necessitated the

expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and

rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him.

The willful, wrongful and intentional acts of Hezbollah were funded and directed by the

Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Gary K. Jones, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXI
### CLAIMS OF GARY K. JONES, KELLY GORMAN,
### DAMON JONES, AND TINA JAMES
### PURSUANT TO 28 U.S.C. §1605A
### FOR DAMAGES FOR SOLATIUM
### AND IN ACCORDANCE WITH THE
### FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(137)     The Plaintiff, Gary K. Jones, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(138)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Gary K. Jones, and his immediate family members, Kelly Gorman, Damon Jones, and Tina James, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Gary K. Jones, and his immediate family members, Kelly Gorman, Damon Jones, and Tina James, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**

### COUNT LXII
### CLAIM OF GARY K. JONES
### PURSUANT TO 28 U.S.C. §1605A
### PUNITIVE DAMAGES

(139)    The Plaintiff, Gary K. Jones, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(140)    The actions of the agents of the Defendant, The Islamic Republic Of

Iran, in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Gary K. Jones's rights and

physical well being. All of these acts were facilitated by funding, training and support by

the Iranian Ministry of Information and Security. In accordance with the provisions of 28

U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and

the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the

actions of their agents and the Hezbollah members.  In providing such funding, direction

and training, the Iranian Ministry of Information and Security was acting within the

scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency

rendered material support to those actually carrying out the acts above described. An

award of punitive damages is requested as to both defendants, jointly and severally, in

accordance with the provisions of Public Law 105-277, and 28 United States Code, 28

U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of

terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Gary K. Jones, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT LXIII**
**ESTATE OF EDWARD E. KIMM**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(141)    Plaintiff, Anna Marie Kimm, Personal Representative of the Estate of Edward E. Kimm, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(142)    On October 23, 1983, when the explosive device described above was detonated, Edward E. Kimm, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Edward E. Kimm was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Edward E. Kimm.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(143)    The beneficiaries of Edward E. Kimm who survived him, namely, Anna Marie Kimm and June B. Griggs-Kimm, as a direct and proximate consequence of

the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Edward E. Kimm, and funeral and burial expenses.

WHEREFORE, Plaintiff, Anna Marie Kimm, demands judgment on behalf of himself and the Estate of Edward E. Kimm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT LXIV
### ESTATE OF EDWARD E. KIMM
### SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(144)     Plaintiff, Anna Marie Kimm, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(145)     Decedent, Edward E. Kimm, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Ana Marie Kimm, demands judgment on behalf of the Estate of Edward E. Kimm, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT LXV

## SOLATIUM CLAIM ON BEHALF OF
## ESTATE OF EDWARD E. KIMM
## PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(146)     Plaintiff, Anna Marie Kimm, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(147)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Anna Marie Kimm, and the immediate family of the Decedent Edward E. Kimm, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Edward E. Kimm, to cause severe emotional distress upon his immediate family, Plaintiffs, Anna Marie Kimm and June B. Griggs-Kimm, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Anna Marie Kimm and June B. Griggs-Kimm, was so severe that no reasonable person could be expected to endure it. Anna Marie Kimm and June B. Griggs-Kimm, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Anna Marie Kimm and June B. Griggs-Kimm, demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00),** besides costs.

**COUNT LXVI**
**ESTATE OF EDWARD E. KIMM**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(148)    The Plaintiff, Anna Marie Kimm, Personal Representative of the Estate of Edward E. Kimm repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(149)    The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Anna Marie Kimm, Personal Representative of the Estate of Edward E. Kimm, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

**COUNT LXVII**

## CLAIMS OF JOHN L. KINSLOW
## PURSUANT TO 28 U.S.C. §1605A
## AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR ASSAULT AND BATTERY

(150)     The Plaintiff, John L. Kinslow, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(151)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, John L. Kinslow, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, John L. Kinslow, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXVIII**
**CLAIMS OF JOHN l. KINSLOW, HJORDIS CAMPBELL, PETER KINSLOW,**
**PAT MALFE, FOIF JOHNSON, AND LOGAN KINSLOW**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(152)     The Plaintiff, John L. Kinslow, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(153)     As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic

Republic of Iran through its agency, the Iranian Ministry of Information and Security,

Plaintiff, John L. Kinslow, and his immediate family members, Hjordis Campbell, Peter

Kinslow, Pat Mafe, Foif Johnson, and Logan Kinslow, endured extreme mental anguish

and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, John L. Kinslow, and his immediate family members,

Hjordis Campbell, Peter Knslow, Pat Mafe, Foif Johnson, and Logan Kinslow, demand

that judgment be entered, jointly and severally, against Defendants the Islamic Republic

of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY**

**MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT LXIX**
**CLAIM OF JOHN L. KINSLOW**

**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(154)      The Plaintiff, John L. Kinslow, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(155)      The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of John L. Kinslow's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, John L. Kinslow, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT LXX</u>
<u>CLAIMS OF JACK R. MACDONALD, III</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL COMMON LAW</u>
<u>FOR ASSAULT AND BATTERY</u>

(156)    The Plaintiff, Jack R. MacDonald, III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(157)    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Jack R. MacDonald, III, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Jack R. MacDonald, III, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXI**
**CLAIMS OF JACK R. MACDONALD, III, MARGARET MACDONALD, JACK MCDONALD, MARK A. KELLISON, MALINDA R. MACDONALD PURSUANT TO 28 U.S.C. §1605A FOR DAMAGES FOR SOLATIUM AND IN ACCORDANCE WITH THE FEDERAL AND STATE COMMON LAW FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(158)     The Plaintiff, Jack R. MacDonald, III, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(159)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Jack R. MacDonald, III, and his immediate family members, Margaret MacDonald, Jack MacDonald, Mark A. Kellison, and Malinda R. MacDonald, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Jack R. MacDonald, III, and his immediate family members, Margaret MacDonald, Jack MacDonald, Mark A. Kellison, and Malinda R. MacDonald, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT LXXII**
**CLAIM OF JACK R. MACDONALD, III**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(160)     The Plaintiff, Jack R. MacDonald, III, repeats and re-alleges each and

every allegation set forth above with like effect as if alleged herein.

(161)     The actions of the agents of the Defendant, The Islamic Republic Of Iran,

in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Jack R. MacDonald, III's rights

and physical well being. All of these acts were facilitated by funding, training and support

by the Iranian Ministry of Information and Security. In accordance with the provisions of 28

U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the

Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of

their agents and the Hezbollah members.  In providing such funding, direction and training,

the Iranian Ministry of Information and Security was acting within the scope of its agency as

an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to

those actually carrying out the acts above described. An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of

Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Jack R. MacDonald, III, demands that judgment be

entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the

Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED**

**MILLION DOLLARS ($500,000,000.00), and costs.**

<u>COUNT LXXIII</u>
<u>CLAIMS OF RENARD MANLEY</u>
<u>PURSUANT TO 28 U.S.C. §1605A</u>
<u>AND IN ACCORDANCE WITH</u>
<u>THE FEDERAL COMMON LAW</u>
<u>FOR ASSAULT AND BATTERY</u>

(162)    The Plaintiff, Renard Manley, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(163)    On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Renard Manley, inflicting severe and permanent injuries upon him resulting

in great pain and suffering, which injuries required and continued to require extensive

medical treatment for the remainder of his life, have necessitated the expenditure of funds,

inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have

deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and

intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran

through its agent, the Iranian Ministry of Information and Security, and constituted a battery

upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Renard Manley, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00), and costs.**

## COUNT LXXIV
## CLAIMS OF RENARD MANLEY, THE ESTATE OF ALICE MANLEY, ESTATE OF DOCIE SHELL, MICHELL MANLEY, ERNEST MCKNIGHT, THE ESTATE OF CYNTHIA MANLEY, KENDRICK CARTER, THE ESTATE OF MABELLINE RAYMOND
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(164)    The Plaintiff, Renard Manley, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(165)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Renard Manley, and his immediate family members, The Estate Of Alice Manley, Estate Of Docie Shell, Michell Manley, Ernest McKnight, The Estate Of Cynthia Manley, Kendrick Carter, The Estate Of Mabelline Raymond, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Renard Manley, and his immediate family members, The Estate Of Alice Manley, Estate Of Docie Shell, Michell Manley, Ernest McKnight, The Estate Of Cynthia Manley, Kendrick Carter, The Estate Of Mabelline Raymond, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

## COUNT LXXV
## CLAIM OF RENARD MANLEY
## PURSUANT TO 28 U.S.C. §1605A

**PUNITIVE DAMAGES**

(166)     The Plaintiff, Renard Manley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(167)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Renard Manley's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Renard Manley, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT LXXVI**
**ESTATE OF JOSEPH JOHN MATTACCHIONE**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(168)     Plaintiff, Anthony Laurence Mattacchione, Personal Representative of the

Estate of Joseph John Mattacchione, repeats and re-alleges each and every allegation set

forth above with equal effect as if alleged herein.

(169)     On October 23, 1983, when the explosive device described above was

detonated, Joseph John Mattacchione, a member of the United States Marine Corps, and a

resident of and citizen of the United States, suffered fatal injuries. The death of Joseph John

Mattacchione was caused by a willful and deliberate act of extra judicial killing. The

Defendants, through their agents, financed the attack, planned the attack and rendered

material support to the activities of Hezbollah that resulted in the death of Joseph John

Mattacchione.  Those agents were at all times acting with the scope of their agency and

acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security.

(170)     The beneficiaries of Joseph John Mattacchione who survived him,

namely, Anthony Laurence Mattacchione, the Estate of Laurence Anthony Mattacchione,

Janet Margaret Rousseau Mattacchione, Anne Marie Mattacchione-Chesser, Nicholas John

Mattacchione, and Vincent David Mattacchione, as a direct and proximate consequence of

the actions of the Defendants hereinabove described, for which the Defendants are

vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the

beneficiaries, the loss of future earnings and accretions to the Estate of Joseph John

Mattacchione, and funeral and burial expenses.

86

WHEREFORE, Plaintiff, Anthony Laurence Mattacchione, demands judgment on behalf of himself and the Estate of Joseph John Mattacchione, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT LXXVII
### ESTATE OF JOSEPH JOHN MATTACCHIONE
### SURVIVAL CLAIM
### 12 D.C.Code §12-101 AND 28 U.S.C. §1605A

(171)    Plaintiff, Anthony Laurence Mattacchione, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(172)    Decedent, Joseph John Mattacchione, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Anthony Laurence Mattacchione, demands judgment on behalf of the Estate of Joseph John Mattacchione, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**

### COUNT LXXVIII
### SOLATIUM CLAIM ON BEHALF OF
### ESTATE OF JOSEPH JOHN MATTACCHIONE
### PURSUANT TO
### 28 U.S.C. §1605A AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(173)    Plaintiff, Anthony Laurence Mattacchione, repeats and re-alleges each and

every allegation set forth above with like effect as if alleged herein.

(174)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Anthony Laurence Mattacchione, and the immediate family of the Decedent Joseph John Mattacchione, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Joseph John Mattacchione, to cause severe emotional distress upon his immediate family, Plaintiffs, Anthony Laurence Mattacchione, the Estate of Laurence Anthony Mattacchione, Janet Margaret Rousseau Mattacchione, Anne Marie Mattacchione-Chesser, Nicholas John Mattacchione, and Vincent David Mattacchione, beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Anthony Laurence Mattacchione, the Estate of Laurence Anthony Mattacchione, Janet Margaret Rousseau Mattacchione, Anne Marie Mattacchione-Chesser, Nicholas John Mattacchione, and Vincent David Mattacchione, was so severe that no reasonable person could be expected to endure it. Anthony Laurence Mattacchione, the Estate of Laurence Anthony Mattacchione, Janet Margaret Rousseau Mattacchione, Anne Marie Mattacchione-Chesser, Nicholas John Mattacchione, and Vincent David Mattacchione, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Anthony Laurence Mattacchione, the Estate of Laurence Anthony Mattacchione, Janet Margaret Rousseau Mattacchione, Anne Marie Mattacchione-Chesser, Nicholas John Mattacchione, and Vincent David Mattacchione, demand judgment

against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

**COUNT LXXIX**
**ESTATE OF JOSEPH JOHN MATTACCHIONE**
**PUNITIVE DAMAGES**
**PURSUANT TO 28 U.S.C. §1605A**

(175)     The Plaintiff, Anthony Laurence Mattacchione, Personal Representative of the Estate of Joseph John Mattacchione repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(176)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Anthony Laurence Mattacchione, Personal Representative of the Estate of Joseph John Mattacchione, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

**COUNT LXXX**
**ESTATE OF TIMOTHY MCNEELY**
**CLAIM FOR WRONGFUL DEATH**
**IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. §1605A**
**AS AMENDED AND 16 D.C.Code §16-2701**

(177)    Plaintiff, Dorothy E. McNeely, Personal Representative of the Estate of Timothy McNeely, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(178)    On October 23, 1983, when the explosive device described above was detonated, Timothy McNeely, a member of the United States Marine Corps, and a resident of and citizen of the United States, suffered fatal injuries. The death of Timothy McNeely was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Timothy McNeely.  Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(179)    The beneficiaries of Timothy McNeely who survived him, namely, Dorothy E. McNeely, the Estate of David S. McNeely, Jr., Vicki C. McNeely Brawley, Joe Goodnight, Jr., as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally, liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Timothy McNeely, and funeral and burial expenses.

WHEREFORE, Plaintiff, Dorothy E. McNeely, demands judgment on behalf of herself and the Estate of Timothy McNeely, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the

amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


## COUNT LXXXI
## ESTATE OF TIMOTHY MCNEELY
## SURVIVAL CLAIM
## 12 D.C.Code §12-101 AND 28 U.S.C. §1605A


(180)     Plaintiff, Dorothy E. McNeely, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(181)     Decedent, Timothy McNeely, from the time of injury to his death thereafter, suffered extreme bodily pain and suffering as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Dorothy E. McNeely, demands judgment on behalf of the Estate of Timothy McNeely, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TEN MILLION DOLLARS ($10,000,000.00), besides costs.**


## COUNT LXXXII
## SOLATIUM CLAIM ON BEHALF OF
## ESTATE OF TIMOTHY MCNEELY
## PURSUANT TO
## 28 U.S.C. §1605A AND IN ACCORDANCE WITH
## THE FEDERAL COMMON LAW
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(182)     Plaintiff, Dorothy E. McNeely, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(183)     As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, Plaintiff, Dorothy E.

McNeely, and the immediate family of the Decedent Timothy McNeely, have suffered extraordinary grief and mental anguish, in that the defendants, acting through their agents and by their conduct intended through infliction of physical injury resulting in death upon Timothy McNeely, to cause severe emotional distress upon his immediate family, Plaintiffs, Dorothy E. McNeely, the Estate of David S. McNeely, Jr., Vicki C. McNeely Brawley, Joe Goodnight, Jr., beneficiaries of this action and the conduct above described was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community and the emotional distress suffered by Dorothy E. McNeely, the Estate of David S. McNeely, Jr., Vicki C. McNeely Brawley, Joe Goodnight, Jr., was so severe that no reasonable person could be expected to endure it. Dorothy E. McNeely, the Estate of David S. McNeely, Jr., Vicki C. McNeely Brawley, Joe Goodnight, Jr.,, have each thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Dorothy E. McNeely, the Estate of David S. McNeely, Jr., Vicki C. McNeely Brawley, Joe Goodnight, Jr., demand judgment against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, jointly and severally, for each in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.**

### COUNT LXXXIII
### ESTATE OF TIMOTHY MCNEELY
### PUNITIVE DAMAGES
### PURSUANT TO 28 U.S.C. §1605A

(184)     The Plaintiff, Dorothy E. McNeely, Personal Representative of the Estate of Timothy McNeely repeats and re-alleges each and every allegation set forth above with

like effect as if alleged herein.

(185)     The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of 28 U.S.C. §1605A, the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Dorothy E. McNeely, Personal Representative of the Estate of Timothy McNeely, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of **TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.**

### COUNT LXXXIV
### CLAIMS OF HARRY A. MINCER
### PURSUANT TO 28 U.S.C. §1605A
### AND IN ACCORDANCE WITH
### THE FEDERAL COMMON LAW
### FOR ASSAULT AND BATTERY

(186)     The Plaintiff, Harry A. Mincer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(187)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Harry A. Mincer, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Harry A. Mincer, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

### COUNT LXXXV
### CLAIMS OF HARRY A. MINCER, ELLEN CRON, AND FAY CRON
### PURSUANT TO 28 U.S.C. §1605A
### FOR DAMAGES FOR SOLATIUM
### AND IN ACCORDANCE WITH THE
### FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(188)    The Plaintiff, Harry A. Mincer, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(189)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Harry A. Mincer, and his immediate family members, Ellen Cron and Fay Cron, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Harry A. Mincer, and his immediate family members, Ellen Cron and Fay Cron, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT LXXXVI**
**CLAIM OF HARRY A. MINCER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(190)     The Plaintiff, Harry A. Mincer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(191)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Harry A. Mincer's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Harry A. Mincer, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

**COUNT LXXXVII**
**CLAIMS OF HOWARD R. NASH**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(192)    The Plaintiff, Howard R. Nash, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(193)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a

related case, John W. Nash, and his immediate family members, Howard R. Nash, endured

extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Howard R. Nash, demand that judgment be entered, jointly

and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**

**COUNT LXXXVIII**
**CLAIMS OF ALAN OPRA**
**PURSUANT TO 28 U.S.C. §1605A**

**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(194)     The Plaintiff, Alan Opra, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(195)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Alan Opra, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Alan Opra, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT LXXXIX**
**CLAIM OF ALAN OPRA**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

97

(196)     The Plaintiff, Alan Opra, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(197)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Alan Opra, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Alan Opra, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

## COUNT XC
## CLAIM OF ALAN OPRA
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(198)     The Plaintiff, Alan Opra, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(199)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Alan Opra's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the

Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of

their agents and the Hezbollah members.  In providing such funding, direction and training,

the Iranian Ministry of Information and Security was acting within the scope of its agency as

an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to

those actually carrying out the acts above described. An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of

Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Alan Opra, demands that judgment be entered, jointly and

severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS**

**($500,000,000.00), and costs.**

**COUNT XCI**
**CLAIMS OF SHELIA LESLIE AND ADRIAN SAMUEL MACKOWSKI**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(200)    The Plaintiffs, Shelia Leslie and Adrian Samuel Mackowski, repeats and

re-allege each and every allegation set forth above with like effect as if alleged herein.

(201)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a

related case, Samuel Palmer, and his immediate family members, Shelia Leslie and Adrian

99

Samuel Mackowski, endured extreme mental anguish and pain and suffering, and suffered

emotional injury and loss.

WHEREFORE, Plaintiffs, Shelia Leslie ad Adrian Samuel Mackoswski, demand

that judgment be entered, jointly and severally, against Defendants the Islamic Republic of

Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY**

**MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT XCII**
**CLAIMS OF WILLIAM RIFFENBURY**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(202)    The Plaintiff, William Riffenbury, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(203)    On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, William Riffenbury, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continued to require

extensive medical treatment for the remainder of his life, have necessitated the expenditure

of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation

treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful,

wrongful and intentional acts of Hezbollah were funded and directed by the Islamic

Republic of Iran through its agent, the Iranian Ministry of Information and Security, and

constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, William Riffenbury, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT XCIII
## CLAIM OF WILLIAM RIFFENBURY
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(204)   The Plaintiff, William Riffenbury, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(205)   As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, William Riffenbury, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, William Riffenbury, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

## COUNT XCIV
## CLAIM OF WILLIAM RIFFENBURY
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(206)     The Plaintiff, William Riffenbury, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(207)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of William Riffenbury's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, William Riffenbury, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT XCV**
**CLAIMS OF PHILLIP RITTER**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(208)    The Plaintiff, Phillip Ritter, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(209)    On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Phillip Ritter, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Phillip Ritter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT XCVI**
**CLAIM OF PHILLIP RITTER**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(210)    The Plaintiff, Phillip Ritter, repeats and re-allege each and every

allegation set forth above with like effect as if alleged herein.

(211)    As a direct and proximate result of the willful, wrongful and intentional

acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Phillip

Ritter, endured extreme mental anguish and pain and suffering, and suffered emotional

injury and loss.

WHEREFORE, Plaintiff, Phillip Ritter, demand that judgment be entered, jointly

and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **TWENTY MILLION DOLLARS**

**($20,000,000.00) for each Plaintiff, and costs.**


**COUNT XCVII**
**CLAIM OF PHILLIP RITTER**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(212)    The Plaintiff, Phillip Ritter, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

(213)    The actions of the agents of the Defendant, The Islamic Republic Of Iran,

in association with members of Hezbollah, as above set forth, were intentional and

malicious and in willful, wanton and reckless disregard of Phillip Ritter's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Phillip Ritter, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

## COUNT XCVIII
## CLAIM OF CASSIE LEMIRE SANTOS
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(214)     The Plaintiff, Cassie Lemire Santos, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

105

(215)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a related case, John J. Santos, and his immediate family member, Cassie Lemire Santos, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Cassie Lemire Santos, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

## COUNT XCIX
## CLAIM OF THE ESTATE OF CREIGHTON SCHNIEDER
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(216)    The Plaintiff, the Estate of Creighton Schneider, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(217)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a related case, Joseph R. Schneider, and his immediate family member, Karen Schneider Theonnes, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, the Estate of Creighton Schneider and Karen Schneider Theonnes, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**


### COUNT C
### CLAIM OF THE LISBETH SUSAN MULLEN
### PURSUANT TO 28 U.S.C. §1605A
### FOR DAMAGES FOR SOLATIUM
### AND IN ACCORDANCE WITH THE
### FEDERAL AND STATE COMMON LAW FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(218)    The Plaintiff, Lisbeth Susan Mullen, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(219)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a related case, James F. Silvia, and his immediate family member, Lisbeth Susan Mullen, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Lisbeth Susan Mullen, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

### COUNT CI
### CLAIMS OF DANIEL D.TURNER
### PURSUANT TO 28 U.S.C. §1605A

107

**AND IN ACCORDANCE WITH
THE FEDERAL COMMON LAW
FOR ASSAULT AND BATTERY**

(220)     The Plaintiff, Daniel D. Turner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(221)     On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Daniel D. Turner, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Daniel D. Turner, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CII
CLAIM OF DANIEL D. TURNER
PURSUANT TO 28 U.S.C. §1605A
FOR DAMAGES FOR SOLATIUM
AND IN ACCORDANCE WITH THE
FEDERAL AND STATE COMMON LAW FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(222)    The Plaintiff, Daniel D. Turner, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(223)    As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Daniel D. Turner, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Daniel D. Turner, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

## COUNT CIII
## CLAIM OF DANIEL D. TURNER
## PURSUANT TO 28 U.S.C. §1605A
## PUNITIVE DAMAGES

(224)    The Plaintiff, Daniel D.Tuner, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(225)    The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Daniel D. Turner's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the

Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of

their agents and the Hezbollah members.  In providing such funding, direction and training,

the Iranian Ministry of Information and Security was acting within the scope of its agency as

an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to

those actually carrying out the acts above described. An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of

Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

　　　　WHEREFORE, Plaintiff, Daniel D. Turner, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

**COUNT CIV**
**CLAIMS OF GARRY D. VASSAR**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

　　　　(226)　　　The Plaintiff, Garry D. Vassar, repeats and re-alleges each and every

allegation set forth above with like effect as if alleged herein.

　　　　(227)　　　On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Garry D. Vassar, inflicting severe and permanent injuries upon him resulting

in great pain and suffering, which injuries required and continued to require extensive

medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Garry D. Vassar, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CV**
**CLAIM OF GARRY D. VASSAR**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(228)     The Plaintiff, Garry D. Vassar, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(229)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Garry D. Vassar, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Garry D. Vassar, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT CVI
CLAIM OF GARRY D. VASSAR
PURSUANT TO 28 U.S.C. §1605A
PUNITIVE DAMAGES**

(230)    The Plaintiff, Garry D. Vassar, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(231)    The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Garry D. Vassar's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

112

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Garry D. Vassar, demands that judgment be entered,

jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian

Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION**

**DOLLARS ($500,000,000.00), and costs.**

**COUNT CVII**
**CLAIMS OF JOSEPH L. VINCENT-CASON**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(232)    The Plaintiff, Joseph L. Vincent-Cason, repeats and re-alleges each and

every allegation set forth above with like effect as if alleged herein.

(233)    On October 23, 1983 members of Hezbollah by use of an explosive device

as above described, willfully, violently and forcefully battered and did violence to the body

of the Plaintiff, Joseph L. Vincent-Cason, inflicting severe and permanent injuries upon him

resulting in great pain and suffering, which injuries required and continued to require

extensive medical treatment for the remainder of his life, have necessitated the expenditure

of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation

treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful,

wrongful and intentional acts of Hezbollah were funded and directed by the Islamic

Republic of Iran through its agent, the Iranian Ministry of Information and Security, and

constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Joseph L. Vincent-Cason, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

**COUNT CVIII**
**CLAIM OF JOSEPH L. VINCENT-CASON**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(234)     The Plaintiff, Joseph L. Vincent-Cason, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(235)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Joseph L. Vincent-Cason, and immediate family member Edna Vincent-Cason, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Joseph L. Vincent-Cason and immediate family member Edna Vincent-Cason, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT CIX**
**CLAIM OF JOSEPH L. VINCENT-CASON**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(236)     The Plaintiff, Joseph L. Vincent-Cason, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

115

(237)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Joseph L. Vincent-Cason's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of their agents and the Hezbollah members.  In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of punitive damages is requested as to both defendants, jointly and severally, in accordance with the provisions of Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which has been designated as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Joseph L. Vincent-Cason, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS ($500,000,000.00), and costs.**

**COUNT CX**
**CLAIM OF CHELSEA HAVENS**
**PURSUANT TO 28 U.S.C. §1605A**
**FOR DAMAGES FOR SOLATIUM**
**AND IN ACCORDANCE WITH THE**
**FEDERAL AND STATE COMMON LAW FOR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(238)     The Plaintiff, Chelsea Havens, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(239)     As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff in a related case, Gary Wigglesworth, and immediate family member Chelsea Havens, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Chelsea Havens, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT CXI**
**CLAIMS OF MARK WOLCOTT**
**PURSUANT TO 28 U.S.C. §1605A**
**AND IN ACCORDANCE WITH**
**THE FEDERAL COMMON LAW**
**FOR ASSAULT AND BATTERY**

(240)     The Plaintiff, Mark Wolcott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

117

(241)      On October 23, 1983 members of Hezbollah by use of an explosive device as above described, willfully, violently and forcefully battered and did violence to the body of the Plaintiff, Mark Wolcott, inflicting severe and permanent injuries upon him resulting in great pain and suffering, which injuries required and continued to require extensive medical treatment for the remainder of his life, have necessitated the expenditure of funds, inter alia, for hospitals, physician's services, nursing care, and rehabilitation treatment, have deprived the Plaintiff of earning capacity and disabled him. The willful, wrongful and intentional acts of Hezbollah were funded and directed by the Islamic Republic of Iran through its agent, the Iranian Ministry of Information and Security, and constituted a battery upon the person of the Plaintiff.

WHEREFORE, Plaintiff, Mark Wolcott, demands that judgment be entered, jointly and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00), and costs.**

## COUNT CXII
## CLAIM OF MARK WOLCOTT
## PURSUANT TO 28 U.S.C. §1605A
## FOR DAMAGES FOR SOLATIUM
## AND IN ACCORDANCE WITH THE
## FEDERAL AND STATE COMMON LAW FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(242)      The Plaintiff, Mark Wolcott, repeats and re-allege each and every allegation set forth above with like effect as if alleged herein.

(243)      As a direct and proximate result of the willful, wrongful and intentional acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of

Iran through its agency, the Iranian Ministry of Information and Security, Plaintiff, Mark Wolcott, and immediate family members Mary C. Wolcott, Joseph E. Wolcott, Sr., Matthew David Wolcott, Brian Jay Wolcott, Joseph E. Wolcott, Jr., Becky J. Wolcott, Wendy Gowan, and Stacy L. Wolcott, endured extreme mental anguish and pain and suffering, and suffered emotional injury and loss.

WHEREFORE, Plaintiff, Mark Wolcott, and immediate family members Mary C. Wolcott, Joseph E. Wolcott, Sr., Matthew David Wolcott, Brian Jay Wolcott, Joseph E. Wolcott, Jr., Becky J. Wolcott, Wendy Gowan, and Stacy L. Wolcott, demand that judgment be entered, jointly and severally, against Defendants the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of **TWENTY MILLION DOLLARS ($20,000,000.00) for each Plaintiff, and costs.**

**COUNT CXIII**
**CLAIM OF MARK WOLCOTT**
**PURSUANT TO 28 U.S.C. §1605A**
**PUNITIVE DAMAGES**

(244)     The Plaintiff, Mark Wolcott, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(245)     The actions of the agents of the Defendant, The Islamic Republic Of Iran, in association with members of Hezbollah, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of Mark Wolcott's rights and physical well being. All of these acts were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with the provisions of 28 U.S.C.§1605A both the Defendant, the Iranian Ministry of Information and Security, and the

Defendant, the Islamic Republic of Iran, are therefore vicariously liable for the actions of

their agents and the Hezbollah members.  In providing such funding, direction and training,

the Iranian Ministry of Information and Security was acting within the scope of its agency as

an instrumentality of the Islamic Republic of Iran. Said agency rendered material support to

those actually carrying out the acts above described. An award of punitive damages is

requested as to both defendants, jointly and severally, in accordance with the provisions of

Public Law 105-277, and 28 United States Code, 28 U.S.C. §1605A,  making a nation which

has been designated as a "state sponsor of terrorism under §6(j) of the Export

Administration Act of 1979", vicariously liable for punitive damages.

WHEREFORE, Plaintiff, Mark Wolcott, demands that judgment be entered, jointly

and severally, against Defendants, the Islamic Republic of Iran and the Iranian Ministry of

Information and Security, in the amount of **FIVE HUNDRED MILLION DOLLARS**

**($500,000,000.00), and costs.**

**Date: July 8, 2015**                                           **Respectfully submitted,**

**FAY KAPLAN LAW, PA**

                                            */s/  Thomas Fay*
**THOMAS FORTUNE FAY**
**Unified Bar No. 23929**
***ThomasFay@aol.com***

                                            */s/  Caragh Fay*
**Caragh Glenn Fay**
**U.S.D.C.D.C. Bar No. 16955**
**777 Sixth Street, NW**
**Suite 410**
**Washington, D.C.  20001**
**(202) 589-1300**
***CaraghFay@gmail.com***

/s/  *Steven Perles*
**Steven R. Perles (No. 326975)**
**PERLES LAW FIRM, PC**
**1146 19th Street, NW**
**5th Floor**
**Washington, DC 20036**
**Telephone: (202) 955-9055**
**Telefax: (202) 955-3806**
***Attorneys for Plaintiff***